1  McGREGOR W. SCOTT
   United States Attorney
2  KRISTIN S. DOOR, SBN 84307
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2723

5  Attorneys for Plaintiff
   United States of America

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )
                                    )    2:06-CV-02824 WBS-GGH
12            Plaintiff,            )
                                    )    STIPULATION FOR STAY
13       v.                         )    AND **ORDER** [~~Proposed~~]
                                    )
14 REAL PROPERTY LOCATED AT 155     )
   TIGER LILY ROAD, PILOT HILL,     )
15 CALIFORNIA, EL DORADO COUNTY,    )
   APN: 104-100-26-100,             )    Date: N/A
16 INCLUDING ALL APPURTENANCES      )    Time: N/A
   AND IMPROVEMENTS THERETO,        )    Courtroom: N/A
17                                  )
              Defendant.            )
18 _____ )

19

20       Plaintiff United States of America, and Claimants Donald

21 Kearney, and MERS, Inc. as nominee for Washington Mutual Bank,

22 [hereafter "Claimants"], by and through their respective counsel,

23 hereby stipulate that a stay is necessary in the above-entitled

24 action, and request that the Court enter an order staying all

25 further proceedings pending the outcome of a related criminal

26 case against Claimant Donald Kearney now pending in El Dorado

27 County.

28       1.  Claimant Kearney filed a claim to the defendant property

                              1

on February 28, 2007, and filed an Answer to the Verified
Complaint For Forfeiture <u>In Rem</u> on March 23, 2007.  Claimant
MERS, Inc. filed a claim to the defendant property on February 1,
2007, and filed an Answer to the Complaint on February 14, 2007.
Claimant Kearney is currently a defendant in <u>People of the State</u>
<u>of California v. Donald Kearney</u>, Case No. PO5CRF0404 in El Dorado
County.  No other parties have filed a claim in this forfeiture
action.

2. Pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21
U.S.C. § 881(i) the parties seek a stay of discovery in this
case.  The United States contends that the defendant real
property was used to facilitate a violation of federal drug laws
(cultivation of marijuana) and is therefore forfeitable to the
United States.  The United States intends to depose Claimant
Kearney about the claim he filed in this case and the facts
surrounding the cultivation of more than 800 marijuana plants on
this property.  If discovery proceeds, Claimant Kearney would be
placed in the difficult position of either invoking his Fifth
Amendment right against self-incrimination and losing the ability
to protect his alleged interest in the defendant property, or
waiving his Fifth Amendment right and submitting to a deposition
and potentially incriminating himself in the pending criminal
matter.  If Claimant invokes his Fifth Amendment right, the
United States will be deprived of the ability to explore the
factual basis for the claim he filed in this action and the
defenses raised in his Answer.

3.   In addition, Claimant Kearney intends to depose law
enforcement officers who were involved in the investigation that

led to the state drug charges.  Allowing depositions of these
officers would adversely affect the ability of the county law
enforcement officials to properly prosecute the case.

4.   Accordingly, the parties recognize that proceeding with
this action at this time has potential adverse affects on the
prosecution of the related-criminal case and/or upon Claimant
Kearney's ability to prove his claim to the property and to
contest the government's allegations that the property is
forfeitable.  For these reasons, the parties jointly request that
this matter be stayed until the conclusion of the criminal case
now pending in El Dorado County Superior Court.

5.   While this case is stayed, Claimant Kearney agrees to
keep current all payments due to MERS, Inc. under the promissory
note dated March 23, 2005, in the original principal amount of
$156,000, and secured by the deed of trust recorded in El Dorado
County on March 29, 2005, encumbering the defendant property.

6.   In the event claimant Kearney defaults in his
obligations to MERS, Inc., claimant Kearney agrees to join any
government motion for interlocutory sale of the defendant
property.  The term "default" shall mean any default under the
note and deed of trust encumbering the defendant property and any
other documents executed by Claimant Kearney in connection
therewith.

7.   The title report for the defendant property also states
that the defendant is encumbered with an additional deed of trust
securing a promissory note in the amount of $50,000 payable to
Wells Fargo Bank.  To date, Wells Fargo Bank has not filed a
claim to the defendant property nor an Answer to the Verified

3

1  Complaint for Forfeiture <u>In Rem</u>.  Accordingly, at this point
2  plaintiff is unsure whether Wells Fargo Bank's lien is still
3  valid.  Regardless, claimant Kearney Claimant Kearney agrees to
4  keep current all payments due to Wells Fargo Bank (if any) under
5  the promissory note dated June 2, 2004, in the original principal
6  amount of $50,000, and secured by the deed of trust recorded in
7  El Dorado County on June 30, 2004, encumbering the defendant
8  property.

9       8.   In the event claimant Kearney defaults in his
10  obligations (if any) to Wells Fargo Bank, claimant Kearney agrees
11  to join any government motion for interlocutory sale of the
12  defendant property.  The term "default" shall mean any default
13  under the note and deed of trust encumbering the defendant
14  property and any other documents executed by Claimant Kearney in
15  connection therewith.

16

17  Dated: April 4, 2007            McGREGOR W. SCOTT
                                    United States Attorney
18

19                          By    /s/Kristin S. Door
                                  KRISTIN S. DOOR
20                                Assistant U.S. Attorney
                                  Attorneys for Plaintiff
21                                United States of America

22
   Dated: April 3, 2007
23                                /s/ Brenda Grantland
                                  BRENDA GRANTLAND
24                                Attorney for Claimant
                                  Donald Kearney
25

26

27  //

28  //

                              4

1  Dated: March 30, 2007                SCOTT J. STILMAN
2                                        THERESA M.M. MARCHLEWSKI
                                         OFFICE OF THE GENERAL COUNSEL
3

4                           By     /s/ Scott J. Stilman
                                   SCOTT J. STILMAN
5                                  Attorney for claimant
                                   MORTGAGE ELECTRONIC SYSTEMS, INC.
6                                  AS NOMINEE FOR WASHINGTON MUTUAL
                                   BANK
7                                  Attorney for Claimant

8                                  (Original signatures of claimants'
                                   attorneys retained by plaintiff's
9                                  counsel)

10

11                                      **ORDER**

12        For the reasons set forth above, this matter is stayed

13   pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. §

14   881(i) until the related criminal case currently pending in state

15   court is resolved.

16        The scheduling conference scheduled for April 23, 2007 is

17   continued to **July 30, 2007 at 2:00 P.M.**

18

19   IT IS SO ORDERED.

20   Dated:  April 17, 2007

21

22                                 WILLIAM B. SHUBB
                                   UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28

                                     5