McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-CV-02824 WBS-GGH |
| Plaintiff, | ) | |
| | ) | STIPULATION FOR STAY |
| v. | ) | AND **ORDER [~~Proposed~~]** |
| | ) | |
| REAL PROPERTY LOCATED AT 155 | ) | |
| TIGER LILY ROAD, PILOT HILL, | ) | |
| CALIFORNIA, EL DORADO COUNTY, | ) | |
| APN: 104-100-26-100, | ) | Date: N/A |
| INCLUDING ALL APPURTENANCES | ) | Time: N/A |
| AND IMPROVEMENTS THERETO, | ) | Courtroom: N/A |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff United States of America, and Claimants Donald
Kearney, and MERS, Inc. as nominee for Wells Fargo Bank, N.A.,
the successor in interest to the original claimant herein,
Washington Mutual Bank, [hereafter "Claimants"], by and through
their respective counsel, hereby stipulate that a further stay is
necessary in the above-entitled action, and request that the
Court enter an order staying all further proceedings pending the
outcome of a related criminal case against Claimant Donald
Kearney now pending in El Dorado County.  For the reasons set

1

forth below, the parties request that the stay be extended until on or about February 15, 2008, to allow time for the completion of Claimant Kearney's trial which is now scheduled for January 23, 2008.

1.  Claimant Kearney filed a claim to the defendant property on February 28, 2007, and filed an Answer to the Verified Complaint For Forfeiture In Rem on March 23, 2007.  Claimant MERS, Inc. filed a claim to the defendant property on February 1, 2007, as nominee for Washington Mutual Bank and filed an Answer to the Complaint on February 14, 2007.  On May 1, 2007, a Notice of Change of Lender re: Verified Claim of Mortgage Electronic Registration Systems, Inc. was filed advising the parties that Wells Fargo Bank N.A. had purchased the loan referenced in the Verified Claim, and that MERS is now the nominee for Wells Fargo Bank N.A. in this action.  Claimant Kearney is currently a defendant in People of the State of California v. Donald Kearney, Case No. PO5CRF0404 in El Dorado County.  No other parties have filed a claim in this forfeiture action.

2. Pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) the parties seek a stay of discovery in this case.  The United States contends that the defendant real property was used to facilitate a violation of federal drug laws (cultivation of marijuana) and is therefore forfeitable to the United States.  The United States intends to depose Claimant Kearney about the claim he filed in this case and the facts surrounding the cultivation of more than 800 marijuana plants on this property.  If discovery proceeds, Claimant Kearney would be placed in the difficult position of either invoking his Fifth

2

Amendment right against self-incrimination and losing the ability to protect his alleged interest in the defendant property, or waiving his Fifth Amendment right and submitting to a deposition and potentially incriminating himself in the pending criminal matter.  If Claimant invokes his Fifth Amendment right, the United States will be deprived of the ability to explore the factual basis for the claim he filed in this action and the defenses raised in his Answer.

3.    In addition, Claimant Kearney intends to depose law enforcement officers who were involved in the investigation that led to the state drug charges.  Allowing depositions of these officers would adversely affect the ability of the county law enforcement officials to properly prosecute the case.

4.    Accordingly, the parties recognize that proceeding with this action at this time has potential adverse affects on the prosecution of the related-criminal case and/or upon Claimant Kearney's ability to prove his claim to the property and to contest the government's allegations that the property is forfeitable.  For these reasons, the parties jointly request that this matter be stayed until the conclusion of the criminal case now pending in El Dorado County Superior Court.  The Deputy District Attorney assigned to the case has advised plaintiff's counsel that Claimant Kearney's trial has been continued to January 23, 2008.

5.    While this case is stayed, Claimant Kearney agrees to keep current all payments due to MERS, Inc. under the promissory note dated March 23, 2005, in the original principal amount of $156,000, and secured by the deed of trust recorded in El Dorado

1  County on March 29, 2005, encumbering the defendant property.

2      6.   In the event claimant Kearney defaults in his

3  obligations to MERS, Inc., claimant Kearney agrees to join any

4  government motion for interlocutory sale of the defendant

5  property.  The term "default" shall mean any default under the

6  note and deed of trust encumbering the defendant property and any

7  other documents executed by Claimant Kearney in connection

8  therewith.

9      7.   The title report for the defendant property also states

10 that the defendant is encumbered with an additional deed of trust

11 securing a promissory note in the amount of $50,000 payable to

12 Wells Fargo Bank.  To date, Wells Fargo Bank has not filed a

13 claim to the defendant property nor an Answer to the Verified

14 Complaint for Forfeiture In Rem.  Accordingly, at this point

15 plaintiff is unsure whether Wells Fargo Bank's lien is still

16 valid.  Regardless, claimant Kearney Claimant Kearney agrees to

17 keep current all payments due to Wells Fargo Bank (if any) under

18 the promissory note dated June 2, 2004, in the original principal

19 amount of $50,000, and secured by the deed of trust recorded in

20 El Dorado County on June 30, 2004, encumbering the defendant

21 property.

22     8.   In the event claimant Kearney defaults in his

23 obligations (if any) to Wells Fargo Bank described in ¶ 7,

24 claimant Kearney agrees to join any government motion for

25 interlocutory sale of the defendant property.  The term "default"

26 shall mean any default under the note and deed of trust

27 //

28 //

4

1  encumbering the defendant property and any other documents

2  executed by Claimant Kearney in connection therewith.

3

4  Dated: July 20, 2007              McGREGOR W. SCOTT
                                     United States Attorney
5

6                            By      /s/Kristin S. Door
                                     KRISTIN S. DOOR
7                                    Assistant U.S. Attorney
                                     Attorneys for Plaintiff
8                                    United States of America

9
   Dated: July 20, 2007
10                                   /s/ Brenda Grantland
                                     BRENDA GRANTLAND
11                                   Attorney for Claimant
                                     Donald Kearney
12

13
   Dated: July 25, 2007
14

15                           By      /s/Glenn H. Wechsler
                                     GLENN H. WECHSLER
16                                   Attorney for claimant
                                     MORTGAGE ELECTRONIC SYSTEMS, INC.
17                                   AS NOMINEE FOR WELLS FARGO
                                     BANK, N.A.
18                                   Attorney for Claimant

19                                   (Original signatures of claimants'
                                     attorneys retained by plaintiff's
20                                   counsel)

21

22                                **ORDER**

23        For the reasons set forth above, this matter is stayed

24  pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. §

25  881(i) until the related criminal case currently pending in state

26  court is resolved.

27  //

28  //

                                     5

1      The scheduling conference scheduled for July 30, 2007 is

2 continued to **February 25, 2008 at 2:00 p.m.**

3

4 IT IS SO ORDERED.

5 Dated:  July 26, 2007

6

7                         WILLIAM B. SHUBB
                          UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              6